Nancy S. Joyce, Adm'x, etc.

v.

Center for Brief Counseling, Inc., et al.

May 19, 1993

Case No. CL92–146

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case is set for trial July 14–16, 1993, with a jury. The parties have raised two pretrial issues on which arguments were presented on May 6, 1993. First, the defendants object to the qualifications of expert witnesses designated by the plaintiff. Second, the defendants ask the court to define "sound mind" as that term is used in *Wackwitz v. Roy*, 244 Va. 60 (1992).

### Qualifications of Expert Witnesses

Dr. Susan Rosebro, the individual defendant whose negligence allegedly caused the death of Mr. Joyce, is a licensed professional counselor. *See* Va. Code § 54.1–3500 et seq. The practice of counseling is regulated by a Board of Professional Counselors. The parties agree that professional counselors are not "health care providers" as that term is used in the field of medical malpractice. *See* Virginia Code § 8.01–581.1 et seq. Therefore, this action is premised on professional malpractice, but not medical malpractice.

The plaintiff has designated a clinical psychologist and a psychiatrist as expert witnesses. Because they are not licensed professional counselors and, according to the defendants, are insufficiently enlightened about the standards applicable to that field, the defendants argue that

these witnesses are not qualified to give opinion testimony about Dr. Rosebro's acts or omissions.

The court declines the invitation to make dispositive rulings based only on discovery depositions of the designated expert witnesses concerning the ability of those witnesses to give opinion testimony at trial. However, the court notes several settled rules of evidence applicable to this case. To be permitted to testify as an expert, a witness must possess expertise about a matter that is not within the range of common knowledge or experience. The law recognizes no degrees of knowledge or expertise. No formal education is necessary, nor is the witness required to be engaged in any particular profession or calling. In sum, whether the witness has sufficient knowledge of the subject matter to give an expert opinion is largely within the discretion of the trial judge.

In addition to being qualified as an expert, the witness' testimony cannot exceed his knowledge or area of expertise.

*See* Friend, *The Law of Evidence in Virginia* (3rd Ed. 1988) pp. 534–544.

in order for these witnesses to state an opinion about the actions taken by Dr. Rosebro regarding Mr. Joyce, they must be familiar with the standard of care customary to Dr. Rosebro's profession. Because this is not a medical malpractice case, the familiar "business, trade or profession" standard applies. The standard applicable to a licensed professional counselor is that degree of care a reasonably prudent professional counselor would exercise under similar circumstances. *See* Friend, *Personal Injury Law in Virginia* (1990) pp. 25–27.

It follows that the plaintiff's expert witnesses must be aware of the degree of care a reasonably prudent professional counselor would have exercised under similar circumstances; and, to be aware of that factor, the expert witnesses surely must have some acquaintance with the standards, the skills, qualifications, customs, usages, of the profession. This does not mean that the expert witness must be engaged in the practice of professional counseling, that he be trained in that field, or that he know as much about licensing requirements etc. as the defendant. Nevertheless, to qualify he must have a familiarity with the standard of care of the profession to which Dr. Rosebro belongs.

*Meaning of Sound Mind*

The meaning of sound mind has particular significance in this litigation because the plaintiff, administratrix of the estate of Harvey Jeffrey Joyce, seeks damages resulting from Mr. Joyce's taking of his own life which, according to the plaintiff, was caused by the defendant's negligence. If Mr. Joyce's death was a suicide, recovery is barred. Suicide is defined as the deliberate and intentional destruction of one's own life by a person of years of discretion *and of sound mind.* This definition of suicide was reiterated in *Wackwitz v. Roy,* but the court did not define "sound mind."

Here, the plaintiff argues that a mind "suffering from a defect or disease giving rise to a medically diagnosable illness" is not a sound mind. To rephrase the plaintiff's argument: anyone suffering from a medically diagnosable defect or disease is of unsound mind and thus, by definition, is incapable of committing suicide. That position is untenable.

Although the term "sound mind" does not appear to have a universally-accepted legal or medical meaning, it is generally said to refer to the normal state of mind in which its faculties of perception and judgment are ordinarily well developed and not impaired by mania, insanity or dementia. *Black's Law Dictionary* (4th Ed. 1951) p. 1567. Conversely, "unsound mind" is said to refer to one who from infirmity of mind is incapable of managing himself or his affairs and because of the privation of the reasoning faculties is incapable of understanding and acting with discretion in ordinary affairs of life. *Black's, supra,* p. 1708.

The contemporary definition of suicide, discussed above, comes down from Blackstone's reference to suicide as the taking of one's own life while "in his senses." (Quoted with approval in *Wackwitz v. Roy, supra.*) Black defines suicide as deliberate self-destruction "while in the possession and enjoyment of [one's] mental faculties." Similarly, a Virginia case has defined suicide as "designedly destroying one's life." *Plunkett v. Supreme Conclave,* 105 Va. 643 (1906).

As we have seen, the definitions of "suicide" and "sound mind" focus on cognitive and volitional capabilities. Obviously, not every diagnosable mental defect or disease impairs one's cognitive and volitional faculties so that the actor does not recognize or understand the nature and consequence of his acts. In the opinion of the court, that is

the real test of a "sound mind" as that term is supposed to be used in cases involving suicide.

Accordingly, the court will give an appropriate definitional instruction consistent with this opinion, assuming that there is a factual dispute on that issue for the jury to decide.